UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES DONALD GENE HILLIARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CV-00149-JRG-CRW |
| ) | |
| SULLIVAN COUNTY SHERIFF'S ) | |
| OFFICE and JEFF CASSIDY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff James Donald Gene Hilliard, proceeding pro se, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 1], and a motion seeking leave to proceed *in forma pauperis* [Doc. 4]. Plaintiff failed to file a certified copy of his inmate trust account in support of his motion [Doc. 4]. On July 15, 2020, the Court entered an order providing that Plaintiff would have fourteen days from the date of entry of the order to either pay the full filing fee or submit a certified copy of his inmate trust account [Doc. 6]. The Court warned Plaintiff that failure to timely comply with the order would result in the case's dismissal for want of prosecution [*Id.* at 1-2]. The deadline has passed, and Plaintiff has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Federal Rule of Civil Procedure 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 6].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner seeking to proceed *in forma pauperis* [Doc. 4], and he has not pursued this case since filing that request.

Upon due consideration, Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] will be **DENIED** as moot. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE